Case №: 23-mc-152 (VSB)

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

**IN RE APPLICATION OF ORTHOGEN INTERNATIONAL GMBH**

*Petitioner*

**FOR AN ORDER PURSUANT TO 28U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS.**

# ORDER TO SHOW CAUSE

Hon. Vernon S. Broderick, United States District Judge

**THIS MATTER** coming upon the Court on the *ex parte* Application of Petitioner seeking the Court's assistance pursuant to 28 *U.S.C.* Section 1782 in obtaining leave to conduct discovery for use in a foreign proceedings followed by Opposition thereto on behalf of Respondents Douglas Schottenstein, MD and Schottenstein Pain and Neuro, PLLC d/b/a NY Spine (collectively, "Schottenstein"), the Plaintiffs in the pending matter initially filed in this Court by Verified Complaint on

1

December 27, 2022 under Case No. 22-cv-10883 PKC and denominated as *Schottenstein et al. v. United States Food and Drug Administration, etc. and Capla et als.* (including Orthogen International GmbH ("Orthogen") [Document 1] with a proposed Amended Verified Complaint in Case No. 22-cv-10883 PKC thereafter filed on May 4, 2023 as the Exhibit to a Letter Motion seeking to revise the caption (the "Schottenstein Litigation") [Document 20], and.

**THE COURT** having considered Respondents' filing in Opposition to the Application including the Declaration of Jeffrey A. Donner and Respondents' Memorandum of Law,

**THE COURT NOTING** the "foreign proceedings" referred to in the Orthogen Application are actually a lawsuit filed by Orthogen in the Regional Court of Dusseldorf, Germany and received by mail in the Schottenstein office in New York on or about March 15, 2023 over two months after The Schottenstein Verified Complaint and related documents [Document 4] were received by Orthogen and the individual Orthogen Defendants by personal service on January 4, 2023 [Documents 9 through 14] at its offices in Dusseldorf, Germany

pursuant to the Order of Hon P. Kevin Castel, U.S.D.J. entered December 28, 2022 [Document 6], and

**THE COURT TAKING FURTHER NOTICE** that the Orthogen proceedings in Germany are of limited scope and actually constitute a counterclaim to the Schottenstein Litigation, and, as such, these "foreign proceedings" should have been filed and asserted in this Court, and that in the German case, Orthogen seeks to prohibit Schottenstein from applying an autologous therapy and drug program known as Regenokine to patients even though Orthogen admits that Schottenstein is licensed to do so by Orthogen pursuant to a License Agreement dated June 1, 2014, Orthogen further seeks to prohibit Schottenstein from using the Regenokine brand name, to discover the extent of patient treatment and billing conducted under the June 1, 2014 License as well as the extent of the brand name usage, and to recover damages as applicable, and

**THE COURT FURTHER NOTING** that the Schottenstein Litigation under Case No. 22-cv-10883 PKC and denominated as *Schottenstein et al. v. United States Food and Drug Administration, etc. and Capla et als.* utilizes both diversity jurisdiction and federal question jurisdiction

to assert claims against Orthogen, the individual Orthogen Defendants, Edward Capla and his wife Yolanda, and against the Nominal Defendant United States Food and Drug Administration.

**THE COURT TAKING NOTICE** That under Case No. 22-cv-10883 PKC and denominated as *Schottenstein et al. v. United States Food and Drug Administration, etc. and Capla et als.*, Schottenstein asserts diversity jurisdiction and alleges a massive cover-up and conspiracy by the Orthogen Defendants, corporate and individual, with the Capla Defendants with the claims arising therefrom expressed as Tortious Interference, Fraud, Deceit, Civil Conspiracy, Breach of Contract, Theft, Tortious Acquisition, Unjust Enrichment, Accounting, Constructive Trust and Injunctive Relief Against Orthogen from proceeding with the litigation in Germany, and under federal question jurisdiction, Schottenstein seeks declaratory relief regarding whether Regenokine is subject to Food and Drug Administration testing and regulation, and

**THE COURT FURTHER NOTING** that the Schottenstein Litigation is venued in this Court under Case No. 22-cv-10883 PKC and denominated as *Schottenstein et al. v. United States Food and Drug Administration, etc. and Capla et als.* because the facts and transactions constituting the

basis for the claims asserted by both Petitioner and Respondents all took place in Manhattan, and this is also the place where key witnesses reside or frequent and important evidence is located, these are the very same transactions on which the claims asserted by Orthogen in the German litigation are based;

**THE COURT FINDING** that New York has a superior interest in this litigation under Case No. 22-cv-10883 PKC and denominated as *Schottenstein et al. v. United States Food and Drug Administration, etc. and Capla et als.* over Germany because the underlying events and impact of those events affect individuals in New York, and this Court can provide each of the litigants the platform to assert all of their respective claims while the Dusseldorf court in Germany, governed by the restrictive provisions of the Orthogen License Agreement, prohibits the assertion of the Schottenstein claims, where here, in this Court, the Orthogen Defendants are free to assert their claims as well, and

**THE COURT NOW FURTHER FINDING** that the Orthogen litigation in Germany is not a separate matter, but is inextricably entwined with the extensive claims asserted by Schottenstein and his belief that the Regenokine License, once illegally pulled away, has not

been terminated thereby providing to him full rights thereunder, and that this, in turn, renders the federal question regarding whether Regenokine is subject to the United States Food and Drug Administration's testing, investigation and approval so very important to Respondents;.

**IT IS HEREBY ORDERED THAT:**

Sufficient reasons having been shown that the Application should not have proceeded on an *ex parte* and failed to present to this Court the full picture of what has transpired, Petitioner **SHOW CAUSE** before a motion term of this Court at Room 11D, United States Courthouse, 500 Pearl Street, in the City, County and State of New York on _____ at \_\_\_\_ o'clock in the _____noon thereof, or as soon thereafter as counsel may be heard, why an Order should not issue: (1) denying or staying Petitioner's Application, (2) consolidating the Application and the German court proceedings with Respondents' Schottenstein Litigation under Case No. 22-cv-10883 (PKC), and enjoining Orthogen International GmbH, or any person and/or entity acting on its or their behalf, from initiating any litigation and/or prosecuting any claim against Respondents herein during the

6

pendency of the Schottenstein Litigation in any court or other judicial or quasi-judicial body in Germany, or any location other than this Court, related in any way to the issues, factual allegations and/or claims asserted herein by Plaintiffs;

**ORDERED** that service by CM/ECF and email of a copy of this Order and the Amended Verified Complaint, Declaration of Jeffrey A. Donner, and Memorandum of Law upon Petitioner or its counsel on or before _____ o'clock in the _____noon on _____ \_\_\_\_\_, _____ shall be deemed good and sufficient service thereof.

DATED:   New York, New York

ISSUED:   _____

_____
Hon. Vernon S. Broderick
United States District Judge