# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

charwood@maglaw.com
(212) 880-9547

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

March 27, 2024

**By ECF**
Hon. Vernon S. Broderick
Thurgood Marshall U.S. Courthouse
40 Foley Square, New York, NY 10007

  Re: *In Re: Orthogen International GmbH,* No. 1:23-mc-00152-VSB

Dear Judge Broderick:

  I represent Orthogen International GmbH ("Orthogen") in this proceeding — a petition that Orthogen filed on May 4, 2023, pursuant to 28 U.S.C. § 1782 (the "1782 Petition"), to obtain discovery from a New York-based physician, Dr. Douglas Schottenstein, and his medical practice, NY Spine (collectively, "Dr. Schottenstein"), for use in a contemplated German proceeding (the "Contemplated German Proceeding"). *See* Dkt. 3.

  As Orthogen has explained in its prior filings in this action, the Contemplated German Proceeding arises out of two factual allegations that Dr. Schottenstein made in his first three verified complaints in *Schottenstein et al. v. Capla et al.*, No. 22-10883-PKC (the "SDNY Action"), a separate action pending before Judge Castel that Dr. Schottenstein brought against (i) Orthogen, (ii) Dr. Schottenstein's former co-licensee for Orthogen's patented Regenokine Program, Edward Capla, and (iii) Mr. Capla's wife, Yolanda Capla (together with Mr. Capla, the "Caplas"). The two factual allegations are that Dr. Schottenstein's practice provided Regenokine Program treatments to approximately "3,500 patients" and that Dr. Schottenstein and Mr. Capla each received "nearly $2 million per year" in connection with those treatments (Dr. Schottenstein included the 3,500 patients figure in his first three verified complaints in the SDNY Action, and he included the nearly $2 million per year figure in his second two verified complaints after having alleged that the figure was $6 million in his first verified complaint). *See* Dkt. 3 at 6-7; Dkt. 10 at 2-3; Dkt. 16 at 4.[1] If true, those allegations mean that while Dr. Schottenstein and Mr. Capla were co-licensees of the Regenokine Program, they defrauded Orthogen out of millions of dollars in royalty payments. *See* Dkt. 3 at 7-10; Dkt. 10 at 2-3 & n.3; Dkt. 16 at 4.

---

[1] *See also* SDNY Action Dkt. 1 ¶¶ 51, 76; Dkt. 24 ¶¶ 63, 80; Dkt. 67 ¶ 83 (Dr. Schottenstein's verified complaints with the referenced allegations).

Morvillo Abramowitz Grand Iason & Anello P.C.

I write respectfully to update this Court on recent developments relevant to Orthogen's 1782 Petition here that occurred since I submitted my last update letter dated January 29, 2024. In my January 29, 2024 letter, I updated this Court on the status of a companion 1782 petition that Orthogen filed against the Caplas in the U.S. District Court for the Southern District of Florida (the "Florida 1782") in which on January 23, 2024, the Florida District Court issued an order (i) rejecting all of Dr. Schottenstein's and the Caplas' arguments against the Section 1782 discovery that Orthogen is seeking from the Caplas and (ii) reaffirming Orthogen's entitlement to obtain Section 1782 discovery from the Caplas that corresponds to the Section 1782 discovery of Dr. Schottenstein and his practice that Orthogen seeks here (the "January 23 Order").

Following the January 23 Order, the Caplas and Dr. Schottenstein both appealed the Florida District Court's Order to the U.S. Court of Appeals for the Eleventh Circuit, and the Caplas moved the Florida District Court to stay the Caplas' obligation to produce documents and sit for depositions in the Florida 1782 pending resolution of their Eleventh Circuit appeal (Dr. Schottenstein joined in the Caplas' motion). On March 6, 2024, the Florida District Court denied the Caplas' motion to stay, reaffirming its conclusion that Dr. Schottenstein's filing of his fourth (and current) verified complaint in the SDNY Action (in which he removed the 3,500 patients and nearly $2 million per year allegations) did not eliminate the factual basis for the Section 1782 discovery, and separately concluding that the Caplas had failed to demonstrate a likelihood of success on appeal.

After the Florida District Judge denied the motion to stay, on March 10, 2024 the Caplas filed an emergency motion to stay with the Eleventh Circuit, which the Eleventh Circuit denied on March 25, 2024. The Caplas' counsel has since informed Orthogen's counsel that the Caplas intend to move to voluntarily dismiss the appeal. Copies of the Florida District Court's March 6, 2024 decision and the Eleventh Circuit's March 25, 2024 decision are attached hereto as Exhibits A and B.

In addition to the Eleventh Circuit's denial of the Caplas' motion to stay, on March 25, 2024, the magistrate judge assigned to the Florida 1782 issued an Order (the "March 25 Order") setting a firm deadline of April 26, 2024 for the Caplas' depositions, requiring that they "produce all documents in their possession, custody, and control that are responsive to the [1782] subpoenas no later than seven (7) days prior to the scheduled deposition dates," and emphasizing that the Caplas "have an obligation to make a diligent search and inquiry to locate and produce all responsive documents and failure to do so may result in sanctions upon Deponents [*i.e.*, the Caplas] and their counsel." The March 25 Order is attached hereto as Exhibit C.

The Section 1782 discovery of the Caplas thus will be proceeding in April 2024, and the same reasons why the Florida District Judge has affirmed and reaffirmed Orthogen's right to conduct that discovery — and rejected Dr. Schottenstein's arguments against the discovery — apply equally here and warrant granting Orthogen's 1782 Petition here, so it can obtain discovery from Dr. Schottenstein and NY Spine that corresponds to the discovery it will be obtaining from the Caplas in the Florida 1782 and confirm whether (and if so the extent to which) Dr.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Schottenstein and Mr. Capla defrauded it in connection with their administration of the Regenokine Program.

      I thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Christopher B. Harwood
Christopher B. Harwood

cc: all parties (by ECF)