# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CV-80743-MIDDLEBROOKS

IN RE APPLICATION OF ORTHOGEN
INTERNATIONAL GMBH,

        Petitioner,

For an order pursuant to 28 U.S.C. § 1782
To conduct discovery for use in a foreign
Proceeding.

_____/

### ORDER DENYING DEPONENTS' MOTION FOR STAY PENDING APPEAL

        THIS CAUSE comes before the Court on Deponents' Motion for Stay Pending Appeal (DE 97). The Petitioners filed a Response in opposition on February 20, 2024, (DE 106), and the Intervenors filed a Response in support on that same day. (DE 107). For the following reasons, I am going to deny the Motion.

        For a court to grant a 28 U.S.C. § 1782 petition for a party to conduct discovery in a foreign tribunal, the petitioner only needs to meet certain statutory requirements. Orthogen satisfied these requirements, and as a result, is entitled to the depose the Caplas. The current deposition date is scheduled for March 11, 2024. The Caplas, however, now move for an order staying their depositions until a decision by the Eleventh Circuit on my order denying their motion to quash the subpoena. (DE 54).

       An injunction enforcing a stay pending appeal constitutes "extraordinary relief" that carries with it a "heavy burden." *See Winston-Salem/Forsyth Cnty. Brd. of Educ. v. Scott*, 404 U.S. 1221, 1231 (1971). A stay is granted "only upon a showing of four factors: 1) that the movant is likely

to prevail on the merits on appeal; 2) that absent a stay the movant will suffer irreparable damage; 3) that the adverse party will suffer no substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). In urging a stay, the Caplas' primary emphasis is on the first and second factor. The Caplas suggest that I did not appreciate the "significance of the newly discovered evidence" subsequent to my original order denying their motion to quash, and that if they are deposed, the Eleventh Circuit will find their requested relief moot on appeal.

For months, the Caplas have disputed my conclusion that Orthogen is entitled to discovery under § 1782. They now raise the same grounds in this Motion when arguing that they have satisfied the first *Scott* factor, which is that Orthogen's petition is baseless. As they have before, they cite a couple district court cases for the principle that a § 1782 petition cannot be granted when its basis is "nothing more than speculation." *See e.g., Green Dev. Corp. S.A. De C.V. v. Zamora*, No. 15-21594-MC, 2016 WL 2745844, at *7 (S.D. Fla. May 10, 2016). I have already considered and rejected the Caplas' suggestion that Orthogen's petition is based upon nothing but "mere speculation" due to the fact that the Intervenors in this case, Douglas Schottenstein and Schottenstein M.D., filed a Third Amended Complaint in the Southern District of New York. According to the Caplas, this Third Amended Complaint eliminates the factual basis of Orthogen's petition in this Court.

In the third SDNY complaint, the Intervenors claim that the profits received by the Caplas pursuant to a licensing agreement between the Intervenors, the Caplas, and Orthogen, is now millions of dollars less than what they alleged those profits were in their first complaint. The Intervenors agree that their original pleadings in the SDNY action contained "erroneous statements" as to the total number of patients that the Intervenors treated and as to the revenues

2

that they received from those treatments, and they argue their original pleadings contained figured that dealt with all NY Spine Medicine patients. (DE 107). Essentially, the Caplas and the Intervenors argue that I should turn a blind eye and pretend that the factual predicate that existed at the time Orthogen filed its petition before this Court—allegations by the Intervenors indicating that the Caplas and Schottenstein hid profits from Orthogen—no longer exists. However, neither cite to *any* authority for this "bury the Court's head in the sand" approach.

Even assuming, *arguendo*, that the Court could *not* consider the facts pleaded in Schottenstein's original two complaints, Orthogen *still* meets the statutory requirements for the Court to permit discovery. "The new evidence," the Third Amended Complaint in the SDNY action, continues to raise inferences that entitle Orthogen to discovery regarding whether it received the proper amount due to it under the licensing agreement between it, the Caplas, and Schottenstein, as the revised profit number in the Third Amended Complaint is based on numbers provided to Schottenstein *by the Caplas*. (DE 56-1 at ¶ 94). My § 1782 inquiry could have ended there, and I could have granted the petition. But even further, all the discretionary *Intel* factors remain the same now as they did when I decided both the Caplas' motion to quash and their motion to reconsider. Essentially, at every turn, I find that the Caplas have failed to demonstrate a likelihood of success on the merits on appeal.

Further, I doubt that the Deponents will suffer irreparable damage in the unlikely event that the Eleventh Circuit reverses either of my prior decisions. Even in the case where individuals have asserted their *Fifth Amendment* right to avoid compliance with a subpoena, the Supreme Court has still found that the remedy is not moot on appeal should the district court deny a stay of the subpoena. *See Church of Scientology of California v. United States,* 506 U.S. 9, 17 (1992). In this case, the Caplas do not even assert a Fifth Amendment right for avoiding compliance. To the

3

contrary, the Caplas have already admitted that the Petitioner is entitled to the documents and information it seeks. (DE 97 at 11). They simply dispute the *forum* in which this discovery should take place. Accordingly, because I find the Eleventh Circuit could still fashion a remedy by requiring Petitioner to destroy or return the documents should the depositions occur, and because the Caplas are likely to eventually produce this information regardless, the second *Scott* factor does not favor a stay.

The Caplas devote a couple of paragraphs to the third and fourth *Scott* factors, arguing that the Petitioner will not suffer adverse prejudice because it can depose them in either the SDNY proceeding or in the contemplated German proceeding. Further, they argue that the public interest is served by enforcing the stay as a litigant has a right to appeal adverse decisions. I disagree with their reasoning under the third factor and find the fourth factor negligible in its relevance to this case. Orthogen's petition has been pending since May 4, 2023. Further delay would prejudice Orthogen in getting the discovery that it is entitled to under statute. And while a litigant may have the ability to appeal an order, a litigant also has a duty to comply with court orders.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion for a Stay Pending Appeal (DE 97) is **DENIED**. The Caplas must comply with the March 11, 2024, deposition deadline set by the Court.

**SIGNED** in Chambers at West Palm Beach, Florida, this ___ day of March, 2024.

DONALD M. MIDDLEBROOKS
UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record

4