# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-80743-MIDDLEBROOKS/MATTHEWMAN

IN RE APPLICATION OF ORTHOGEN
INTERNATIONAL GMBH,

    Petitioner,

For an order pursuant to 28 U.S.C. § 1782
to conduct discovery for use in a foreign
proceeding.

_____/

FILED BY _____SW_____ D.C.

Mar 25, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## OMNIBUS ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO SERVE SUBPOENA [DE 85] AND GRANTING IN PART AND DENYING IN PART MOTION FOR EXTENSION OF DEADLINE AND RELATED RELIEF [DE 115]

**THIS CAUSE** is before the Court upon the following: (1) Petitioner Orthogen International GmbH's ("Petitioner") Motion for Entry of Confidentiality Agreement and PHI Order and Leave to Serve Subpoena ("Motion for Leave to Serve Subpoena") [DE 85]; (2) Deponents Edward and Yolanda Capla's ("Deponents" or "the Caplas") Response [DE 89] to the Motion for Leave to Serve Subpoena; (3) Orthogen's Reply [DE 101] in support of the Motion for Leave to Serve Subpoena; (4) Petitioner's Motion for Extension of Deadline and Related Relief ("Motion for Extension") [DE 115]; (5) Intervenors Douglas Schottenstein, M.D. and Schottenstein Pain and Neuro, PLLC d/b/a N.Y. Spine Medicine's ("Intervenors") Response [DE 117] to the Motion for Extension; and (6) Deponents' Response [DE 118] to the Motion for Extension. The Motion for Leave to Serve Subpoena [DE 85] was referred to the Undersigned United States Magistrate Judge by the Honorable Donald M. Middlebrooks, United States District Judge. [DE 90]. Similarly, the Motion for Extension [DE 115] was referred to the Undersigned by Judge Middlebrooks. *See* DE 24.

I. **BACKGROUND**

a. Petitioner's Motion for Leave to Serve Subpoena [DE 85]

Petitioner filed a Motion for Entry of Confidentiality Agreement and PHI Order and Leave to Serve Subpoena [DE 85]. Within that motion, Petitioner made three requests: (1) the entry of a confidentiality agreement; (2) the entry of an order authorizing production of documents containing protected health information; and (3) an order granting leave to serve a subpoena on JPMorgan Chase Bank. The Court has already ruled on the first two of these requests, that is, the request for entry of PHI Order and the request for entry of Confidentiality Agreement. *See* DEs 95, 96. Thus, all that remains from Petitioner's Motion for Entry of Confidentiality Agreement and PHI Order and Leave to Serve Subpoena is that portion of the Motion which the Court designates as a Motion for Leave to Serve Subpoena on Chase Bank. [DE 85]. The Court rules on the subpoena issue in this Order.

b. Motion for Extension [DE 115]

Petitioner also filed a Motion for Extension of Deadline and Related Relief ("Motion for Extension") [DE 115]. As part of the Motion for Extension, Petitioner requested that the Court:

> (i) extend the deadline for Orthogen to take the Caplas' depositions from March 11, 2024 to March 29, 2024, (ii) order that, absent a stay from the Eleventh Circuit or agreement by all parties on alternative dates for the depositions, Mrs. Capla must appear for her deposition on March 28, 2024 and Mr. Capla must appear for his deposition on March 29, 2024, (iii) order the Caplas to produce all documents in their possession, custody and control that are responsive to the Subpoenas by March 13, 2024, and (iv) order that, in the event the Court grants Orthogen's application to issue a subpoena to Chase and Orthogen does not receive responsive records from Chase prior to the dates of the Caplas' depositions and Chase produces records beyond those produced by the Caplas, Orthogen is authorized to recall the Caplas for supplemental deposition questioning limited to such records.

2

[DE 115 at 8–9]. After expediting briefing on the Motion for Extension and receiving a Response from Intervenors and Deponents, *see* DEs 117 and 118, the Court issued a Paperless Interim Order [DE 119]. Specifically, to the extent the Motion for Extension requested that the Court extend the deadline for Petitioner to take Deponents' depositions to March 29, 2024, the Court granted the Motion for Extension. However, the Court reserved ruling on the remainder of the Motion for Extension and stated it would rule on the remaining matters in due course. [DE 119]. The balance of the ruling now issues.

## II. RULING ON THE PENDING MOTIONS

Upon review of the Motion for Leave to Serve Subpoena [DE 85], the Response [DE 89] to the Motion for Leave to Serve Subpoena, the Reply [DE 89] in support of the Motion for Leave to Serve Subpoena [DE 89], the Motion for Extension [DE 115], Intervenors' Response [DE 117] to the Motion for Extension, and Deponents' Response [DE 118] to the Motion for Extension, as well as the entire docket in this case, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion for Extension [DE 115] is **GRANTED IN PART AND DENIED IN PART.** Specifically, the Court has already granted that portion of the Motion for Extension seeking to extend the deposition deadline to March 29, 2024. However, on that matter, this case has been unnecessarily delayed at every turn by Deponents. Rather than having to deal with further motions to extend the deposition deadlines, the deadline for Petitioner to take Deponents' depositions is hereby *sua sponte* extended from **March 29, 2024** to **April 26, 2024**. This is a firm deadline. Absent the issuance of a stay order by the Eleventh Circuit, no further extensions of this deadline shall be permitted. The parties shall immediately confer in good faith as to the

3

deposition schedule and forthwith schedule the depositions. The Court expects that the parties will be able to agree on something as simple as a deposition schedule. However, if the parties are unable or unwilling to forthwith agree on the scheduling of deposition dates, times or locations, the parties shall immediately notify the Court in a Joint Notice which briefly and succinctly describes the parties' dispute. The Court will then unilaterally set the deposition dates, times and locations, which deposition dates may be set by the Court on a weekend or a non-religious holiday depending upon the parties' schedules.

2. The remainder of the Motion for Extension [DE 115] seeking to require that the depositions be taken on March 28, 2024 and March 29, 2024 is **DENIED**.

3. Further, in anticipation of the **April 26, 2024** deposition deadline, the Court shall require Deponents to produce all documents in their possession, custody, and control that are responsive to the subpoenas **no later than seven (7) days prior to the scheduled deposition dates.** Deponents have an obligation to make a diligent search and inquiry to locate and produce all responsive documents and failure to do so may result in sanctions upon Deponents and their counsel. This necessarily means that the Court will not (and cannot, as that date has passed) require Deponents to produce responsive documents on or before March 13, 2024, as requested in the Motion for Extension. However, said documents shall be timely produced as stated above **no later than seven (7) days prior to the scheduled depositions**.

4. Additionally, as to Petitioner's request that it be allowed to recall Deponents for a supplemental deposition pertaining to the Chase subpoena, that request is denied without prejudice at this juncture as premature. The depositions of the Caplas shall

4

proceed forthwith and they are obligated to produce all responsive documents in their possession, custody or control. If the Caplas fully comply with the subpoenas as required, and attend their depositions as ordered, the need for the Chase subpoena may be rendered moot. Thus, after the conclusion of the Caplas' depositions, if production has been demonstrably incomplete or evasive, Petitioner shall have leave to promptly file an amended motion to seek a subpoena from Chase and a second deposition of the Caplas. The Court will address the matter at that time. The Court will also consider the imposition of cost shifting or sanctions on any party or counsel who violates this order or who fails to comply with all discovery rules and obligations.

5. The Motion for Leave to Serve Subpoena on Chase Bank [DE 85] is therefore **DENIED** at this juncture, for the reasons noted in the preceding paragraph. This denial is without prejudice to Petitioner's ability to file an amended Motion for Leave to Serve Subpoena on Chase Bank should the motion become necessary after the Caplas' depositions and production are completed. In other words, should Petitioner be unable to obtain the necessary discovery documents from Deponents as ordered herein, Petitioner may then file an amended Motion for Leave to Serve Subpoena on Chase Bank.

**ORDERED and ADJUDGED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of March, 2024.

*/s/ William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge