UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                    :

*In re Application of Orthogen International*   :
*GmbH*                                  :                    23-MC-152 (VSB)
                                      :

                         Petitioner,   :               **OPINION & ORDER**
                                      :

for an order pursuant to 28 U.S.C. § 1782 to   :
conduct discovery for use in a foreign       :
proceeding.                             :
                                        :
-----------------------------------------------------------X

Appearances:

Christopher Blake Harwood
Matthew Garry
Morvillo Abramowitz Gran Iason & Anello
New York, New York
*Counsel for Petitioner*

VERNON S. BRODERICK, United States District Judge:

      Applicant Orthogen International GmbH ("Applicant" or "Orthogen") filed this ex parte

application (the "Application"), along with a memorandum of law and declarations in support,

seeking discovery in aid of a foreign proceeding pursuant to 28 U.S.C. § 1782. (Docs. 1–5.)

Specifically, Applicant seeks an order granting it the authority to subpoena records from Dr.

Douglas Schottenstein ("Dr. Schottenstein") and Schottenstein Pain & Neuro, PLLC d/b/a NY

Spine ("NY Spine," together with Dr. Schottenstein, "Schottenstein") that it intends to use in

support of litigation in Germany in which it will allege breach of contract and fraud claims, (the

"Contemplated German Proceeding"). (Doc. 3 at 1–3.)

      Because Applicant has made a sufficient showing that the statutory elements of § 1782

are met and the discretionary factors identified in *Intel Corp. v. Advanced Micro Devices, Inc.*,

542 U.S. 241, 264–65 (2004), weigh in favor of granting the request, the Application is

GRANTED.

I.      **Background**[1]

On May 4, 2023, Applicant filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in the Contemplated German Proceeding, (Doc. 1), along with a memorandum of law and two declarations in support, (Docs. 3–5.)  On May 9, 2023, legal counsel for Schottenstein filed a letter explaining that they indirectly learned of the Application and will be filing an opposition.  (Doc. 9.)  On May 10, 2023, the Applicant filed a supplemental letter in support of the Application.  (Doc. 10.)  In this supplemental letter, the Applicant raises statements that Schottenstein made in a proposed amended complaint in another matter that is pending between the parties in the Southern District of New York (the "Pending Action").  (*Id.*)  Applicant asserts that these statements support the need to conduct discovery for the Contemplated German Proceeding.  (*Id.*)

On May 13, 2023, counsel for Schottenstein filed a proposed order to show cause, (Doc. 13), memorandum of law, (Doc. 14), and a declaration, (Doc. 15), requesting that I deny the Application and order Applicant to consolidate the Contemplated German Proceeding, the Pending Action, and an already-filed German proceeding (the "Pending German Proceeding"). On May 16, 2023, Applicant opposed the proposed order to show cause.  (Docs. 16, 17.)  On May 18, 2023, Schottenstein filed a supplemental declaration reasserting their position opposing the Application.  (Doc. 18.)  On May 19, 2023, Applicant filed a letter noting, among other things, that they disagree with the factual assertions made by Schottenstein.  (Doc. 19 at 1.) Applicant also explains that a court in the Southern District of Florida granted a parallel § 1782

---

[1] The following is only a brief summary of background information to provide some context for this Opinion & Order.  I make no findings of fact.

motion (the "Florida 1782 Action") filed by Applicant against two other defendants in the

Pending Action.  (*Id.*)  On May 22, 2023, Schottenstein filed a letter arguing that the application

filed in the Southern District of Florida is not instructive because it was unopposed and therefore

the court was unaware of the issues Schottenstein asserts in the present matter.  (Doc. 20.)

On October 19, 2023, Applicant filed a letter explaining that a magistrate judge in the

Southern District of Florida overruled objections to certain subpoenas and denied a motion to

quash or modify the subpoenas.  (Doc. 21.)  On December 11, 2023, Applicant filed a letter with

updates in the Florida 1782 Action as well as the Pending Action.  (Doc. 25.)  Applicant filed

more status-update letters on January 29, 2024, (Doc. 26), March 27, 2024, (Doc. 27), and July

3, 2024, (Doc. 28).  On October 31, 2024, Applicant filed a letter stating that it will

contemporaneously file another 1782 petition in a separate action (the "Judith/Tomas 1782

Action").  (Doc. 32.)  That case was accepted as related to the present action and reassigned to

me on November 7, 2024.  *See* Case No. 24-MC-504.  On February 24, 2025, Applicant filed a

letter-motion requesting a pre-motion conference in anticipation of a motion to expedite a

decision in both this action and the Judith/Tomas 1782 Action.  (Doc. 34.)

## II.    Discussion

### A.    *Applicable Law*

Section 1782 contains three statutory requirements:  "(1) the person from whom

discovery is sought resides (or is found) in the district of the district court to which the

application is made, (2) the discovery is for use in a foreign proceeding before a foreign or

international tribunal, and (3) the application is made by a foreign or international tribunal or any

interested person."  *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 97 (2d Cir. 2020) (quoting

*Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (cleaned up)).

"Section 1782 does not define what it means for an entity to reside or be found in a district." *In re Sargeant*, 278 F. Supp. 3d 814, 819 (S.D.N.Y. 2017).  Several courts in this District, however, have recognized that "[a]t minimum, . . . compelling an entity to provide discovery under § 1782 must comport with constitutional due process." *Id.* at 820; *accord In re Fernando Celso De Aquino Chad*, No. 19-MC-261, 2019 WL 2502060, at *2 (S.D.N.Y. June 17, 2019); *In re Fornaciari*, 17-MC-521, 2018 WL 679884, at *2 (S.D.N.Y. Jan 29, 2018); *Australia & New Zealand Banking Grp. Ltd. v. APR Energy Holding Ltd.*, No. 17-MC-216, 2017 WL 3841874, at *3 (S.D.N.Y. Sept. 1, 2017) ("Regardless of what section 1782 requires, the Constitution's due process protections apply.").  The Second Circuit has agreed with this interpretation, holding that "the statutory scope of 'found' extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, 939 F.3d 520, 527 (2d Cir. 2019).

"Once the statutory requirements are met, a district court may order discovery under § 1782 in its discretion, taking into consideration the twin aims of the statute, namely, providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 117 (2d Cir. 2015) (internal quotation marks omitted).  "The Supreme Court has identified four" additional factors relevant to a district court's discretion under § 1782:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome."

*Mangouras*, 980 F.3d at 97–98 (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S.

241, 264–65 (2004) (cleaned up)).

"[I]t is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright." *Mees*, 793 F.3d at 302 (citation omitted).

### B.     *Application*

#### 1.  The § 1782 Statutory Factors

The first factor of § 1782 requires a determination of whether Dr. Schottenstein and NY Spine "reside" and/or are "found" in this district.  Applicant argues that they are, and I agree.  An individual or corporation resides or is found in a district if they are subject to personal jurisdiction of a court in that district.  *In re del Valle Ruiz*, 939 F.3d at 527 ("[T]he statutory scope of 'found' extends to the limits of personal jurisdiction consistent with due process."). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  Dr. Schottenstein both "practices medicine . . . and maintains his primary residence and domicile in this District," and NY Spine "maintains its principal office within this District." (Doc. 3 at 15.)  Schottenstein does not dispute that they both are found and/or reside in this district within the meaning of § 1782.  Accordingly, the first § 1782 factor is met.

It is also clear from Applicant's filings, and undisputed by Schottenstein, that the second and third elements of § 1782's statutory factors are met.  "[T]he discovery sought is for use in a foreign proceeding or tribunal," *In re Al-Attabi*, 21-MC-207, 2021 WL 4027021, at *2 (S.D.N.Y. Sept. 3, 2021) (internal quotation marks omitted), because Applicant "intends to file suit in

5

Germany" against Dr. Schottenstein, (Doc. 3 at 11).  At the time of the Application, the

Applicant demonstrated that the Contemplated German Proceeding was "within reasonable

contemplation," *Intel*, 542 U.S. at 259, and it had "retained German counsel" and begun

"drafting the necessary pleadings."  (Doc. 3 at 15.)  The Applicant will be the plaintiff in the

Contemplated German Proceeding and is "asserting claims of breach of contract and fraud,"

(*Id.*), which renders them an interested party, *Intel*, 542 U.S. at 256 ("No doubt litigants are

included among, and may be the most common example of, the interested person[s] who may

invoke § 1782." (internal quotation marks omitted)).

### 2.  The Discretionary *Intel* Factors

Because the Applicant meets the three statutory factors, I proceed to determine whether

the discretionary *Intel* factors counsel against permitting the requested discovery from

Schottenstein.  *See Mees*, 793 F.3d at 297–98 (citing *Intel*, 542 U.S. at 264–65).  I find they do

not.

The first *Intel* factor ultimately weighs in favor of the Applicant.  Although NY Spine

would not be named in the Contemplated German Proceeding, Dr. Schottenstein would.  (Doc. 3

at 19.)  Typically, "the need for § 1782(a) aid generally is not as apparent" when discovery is

sought from a party of the foreign action.  *Intel*, 542 U.S. at 264.  However, the Applicant asserts

that they "would be unable to obtain the discovery it seeks through this Petition in the

Contemplated German Proceeding."  (Doc. 5 at ¶ 44.)  Schottenstein does not dispute this

assertion.

The second *Intel* factor also weighs in favor of granting the Application.  "In this Circuit,

this factor requires consideration of 'only authoritative proof that a foreign tribunal would reject

evidence obtained with the aid of Section 1782.'"  *In re Polygon Glob. Partners LLP*, No. 21-

MC-364, 2021 WL 2117397, at *8 (S.D.N.Y. May 25, 2021) (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995)).  Schottenstein does not present any authoritative proof that the German Court would reject the discovery, and Applicant submitted a declaration from their German counsel stating:  "I am not aware of any German laws or restrictions that would preclude the use of the discovery sought through this Petition.  Nor do I have any reason to believe that a German civil court (including a civil court in Dusseldorf or Frankfurt) would reject or otherwise decline to consider the evidence obtained through this Petition."  (Doc. 5 ¶ 51.)  *See In re Application of Johannes Roessner to Take Discovery Pursuant to 28 U.S.C. 1782 in Aid of Foreign Litigants or Proc.,* No. 21-MC-513, 2021 WL 5042861, at *3 (S.D.N.Y. Oct. 29, 2021) (relying on the attestation of petitioner's German counsel and finding no "'authoritative proof' that the German Court would reject Section 1782 assistance").

The third factor weighs in favor of granting the Application.  Although the discovery sought would not be available in Germany, "[c]ourts routinely grant § 1782 applications where the discovery sought might not be available in the foreign legal system, but [as here] is not explicitly prohibited from being acquired by way of a § 1782 application." *In re Tiberius Grp. AG*, 2020 WL 1140784, at *5 (S.D.N.Y. Mar. 6, 2020).  Applicant has demonstrated that the discovery sought is relevant and there is no reason that the German court would reject it. Further, I disagree with Schottenstein's claim that the Application "conceals an attempt to circumvent the existing case in the United States." (Doc. 14 at 9.)  The Applicant never concealed the Pending Action and discussed it in the memorandum of law in support of the Application.  (*See* Doc. 3 at 8).  Although Schottenstein suggests that the Application must be brought in bad faith because it was brought ex parte, "it is neither uncommon nor improper for

7

district courts to grant applications made pursuant to § 1782 *ex parte.*" *Gushlak v. Gushlak*, 486

F. App'x 215, 217 (2d Cir. 2012) (summary order).  The Second Circuit has stated that a § 1782

"respondent's due process rights are not violated because he can later challenge any discovery

request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Id.*

Schottenstein also argues that the Application was brought in bad faith because the Applicant

"can obtain discovery in the pending litigation involving the same parties." (Doc. 14 at 5.)

However, because the Contemplated German Action and the Pending Action "address different

topics" and "different time periods," (Doc. 16 at 8), I disagree.  Applicant also claims that license

agreements between Orthogen and Dr. Schottenstein each contain a forum-selection clause that

requires Dr. Schottenstein to bring "[a]ny dispute arising from or in connection with" the license

agreements against Orthogen in Germany.  (Doc. 16 at 6–7.)  In any event, Judge P. Kevin Castel

so ordered Schottenstein's notice of voluntary dismissal in the Pending Action dismissing claims

against various defendants, including Orthogen, because the German courts had "preliminarily

ruled that jurisdiction is proper before them and that they have jurisdiction over the parties." *See*

Order, *Schottenstein v. Capla*, No. 22-CV-10883 (S.D.N.Y. June 14, 2024), ECF No. 129.

The final *Intel* factor supports granting the Application.  The requested discovery is not

unduly intrusive or burdensome and Schottenstein does not argue otherwise.  The subpoenas that

the Applicant proposes "are narrowly tailored to obtain documents and testimony about topics

that are central to its anticipated claims in the Contemplated German Proceeding including: the

number of patient treatments provided under the license Agreements, the amounts paid by

patients and received by Dr. Schottenstein and Mr. Capla in connection with those treatments,

and the representations about the treatments that were made to Orthogen." (Doc. 3 at 22–23.)

8

### 3. Consolidation

Finally, I address Schottenstein's request that "Petitioner [be] ordered to consolidate the [A]pplication as well as the German litigation with the pending Schottenstein action." (Doc. 14 at 28.) Pursuant to Federal Rule of Civil Procedure 42(a)(2), a district court may consolidate "actions before the court involv[ing] a common question of law or fact." "A determination on the issue of consolidation is left to the sound discretion of the Court." *In re UBS Auction Rate Sec. Litig.*, No. 08-CV-2967, 2008 WL 2796592, at *1 (S.D.N.Y. July 16, 2008) (internal quotation marks omitted). "The party seeking consolidation bears the burden of demonstrating that the interest of judicial economy is outweighed by the possibility of prejudice or delay." *CCR International, Inc. v. Elias Group.*, LLC, No. 15-CV-6563, 2018 WL 3135849, at *3 (S.D.N.Y. June 26, 2018).

Schottenstein has not met that burden here. Schottenstein has not shown that there is a requisite common question of law or fact, or that the interests of judicial economy are outweighed by potential prejudice or delay. Schottenstein also does not address the apparent "German forum selection clause in the license agreements" between the parties, (Doc. 16 at 10), or the fact that "Orthogen filed the Pending German Proceeding against Dr. Schottenstein in Germany on December 21, 2022 (six days before Dr. Schottenstein and his practice filed the SDNY Action)," (Doc. 16 at 12). Finally, on November 13, 2023, Judge Castel denied a motion to consolidate the Florida 1782 Action, the Pending Action, and this case. *See Schottenstein v. Capla*, No. 22-CV-10883-PKC (S.D.N.Y. November 13, 2023), Doc. 90. I do not find that Schottenstein has made a sufficient showing that the Application should be consolidated with any other action.

### III.    **Conclusion**

Applicant's request for an order pursuant to 28 U.S.C. § 1782 is GRANTED.

Accordingly, it is hereby:

ORDERED that Applicants are authorized to serve Dr. Douglas Schottenstein and

Schottenstein Pain & Neuro, PLLC d/b/a NY Spine with the subpoenas annexed to Applicant's

Memorandum of Law, (Doc. 3), as Exhibit B.

IT IS FURTHER ORDERED that Schottenstein shall comply with subpoenas served

pursuant to this Order in accordance with the Federal Rules of Civil Procedure, the Local

Rules, and my Individual Rules, including with respect to their rights to object to or move to

quash any such subpoena.

The Clerk of Court is respectfully directed to terminate Document 1 (the 1782 Petition)

and Document 34 (letter-motion for conference).  A decision concerning the Judith/Tomas

1782 Action will be issued in due course.

SO ORDERED.

Dated:  February 28, 2025
        New York, New York

Vernon S. Broderick
United States District Judge

10