UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
*In re Application of Orthogen International* :
*GmbH* : 23-MC-152 (VSB)
:
Petitioner, : **OPINION & ORDER**
:
for an order pursuant to 28 U.S.C. § 1782 to :
conduct discovery for use in a foreign :
proceeding. :
:
------------------------------------------------------------X

Appearances:

Christopher Blake Harwood
Matthew Garry
Morvillo Abramowitz Grand Iason & Anello P.C.
New York, NY
*Counsel for Petitioner*

Edward D. Altabet
Brach Eichler LLC
New York, NY

Richard Bruce Rosenthal, Esq.
Huntington Station, NY
*Counsel for Respondents Dr. Douglas Schottenstein and Schottenstein Pain and Neuro PLLC d/b/a NY Spine*

VERNON S. BRODERICK, United States District Judge:

   Respondents Dr. Douglas Schottenstein ("Dr. Schottenstein") and Schottenstein Pain & Neuro, PLLC d/b/a NY Spine ("NY Spine," together with Dr. Schottenstein, the "Schottenstein Parties" or "Respondents") move to vacate my February 28, 2025 Opinion & Order ("Opinion" or ("Op.")) pursuant to Federal Rule of Civil Procedure 60(b)(1) and Local Civil Rule 6.3. The Opinion granted the ex parte application (the "Application") from Applicant Orthogen International GmbH ("Applicant" or "Orthogen") seeking discovery in aid of a foreign

proceeding pursuant to 28 U.S.C. § 1782. (Doc. 36.) Because Respondents fail to demonstrate the Opinion contained any "mistake" sufficient to warrant reconsideration, Respondents' motion for reconsideration is DENIED.[1]

I. **Background**[2]

On May 4, 2023, Applicant filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in support of litigation in Germany in which it will allege breach of contract and fraud claims (the "Contemplated German Proceeding"). (Doc. 1.) On May 10, 2023, counsel for Respondents filed a letter explaining that they indirectly learned of the Application and will be filing an opposition. (Doc. 9.) On May 15, 2023, counsel for Respondents filed a proposed order to show cause, (Doc. 13), memorandum of law, (Doc. 14), and a declaration, (Doc. 15), requesting that I deny the Application. On May 16, 2023, Applicant opposed the proposed order to show cause. (Docs. 16, 17.) On May 18, 2023, the Schottenstein Parties filed a supplemental declaration reasserting their position opposing the Application. (Doc. 18.)

On May 19, 2023, Applicant filed a letter noting, among other things, that they disagree with the factual assertions made by Respondents. (Doc. 19 at 1.) Applicant also explained that a court in the Southern District of Florida granted a parallel § 1782 motion (the "Florida 1782 Action") filed by Applicant against two other relevant parties. (*Id.*) On May 22, 2023, Respondents filed a letter arguing that the application filed in the Southern District of Florida is

---

[1] I construe Respondents' motion to vacate as a motion for reconsideration. *See Leonard v. Lowe's Home Ctrs., Inc.*, 83 F. App'x 402, 403 (2d Cir. 2003) (summary order) (construing motion under Rule 60(b)(1) as a motion for reconsideration). "The motion to vacate is essentially the same motion as the motion for reconsideration." *D'Angelo v. Kirschner*, No. 02-CV-1313, 2007 WL 1834518, at *1 (D. Conn. June 26, 2007), *aff'd in part, vacated in part on other grounds,* 288 F. App'x 724 (2d Cir. 2008).

[2] The following is only a brief summary of relevant background information to provide some context for this Opinion & Order. I make no findings of fact.

2

not instructive because it was unopposed and therefore the court was unaware of the issues Respondents assert in the present matter. (Doc. 20.)

On February 24, 2025, Applicant filed a letter motion requesting a pre-motion conference in anticipation of a motion to expedite a decision in this action. (Doc. 34.)[3]

On February 28, 2025, I issued an Opinion & Order granting the Application approving the issuance of the requested subpoenas. (Doc. 35.) On March 14, 2025, Respondents filed the instant motion to vacate the Opinion pursuant to Federal Rule of Civil Procedure 60(b)(1) and Local Civil Rule 6.3, (Doc. 36), an accompanying memorandum of law, (Doc. 36-1 ("Mem.")), and a request for judicial notice of documents filed in other courts and accompanying exhibits, (*see* Docs. 36-2–36-8). Orthogen filed an opposition brief on March 28, 2025. (Doc. 37 ("Opp'n").) On April 4, 2025, Respondents filed a reply brief. (Doc. 38 ("Reply").) On April 8, 2025, Petitioner filed a letter motion which (1) requested a conference in anticipation of filing a motion to compel compliance with the subpoenas, and (2) contained the parties' respective positions regarding their discovery dispute. (Doc. 39.)

## II.     Discussion

### A.     *Applicable Law*

Federal Rule of Civil Procedure 60(b)(1) grants relief from "a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." The Supreme Court has interpreted "mistake" to "cover[] all mistakes of law made by a judge," and not just "obvious" legal mistakes. *Kemp v. United States*, 596 U.S. 528, 533–34 (2022). The Second

---

[3] Respondents state that they were "certainly surprised" to see the Opinion was issued before they had filed a response to Orthogen's letter-motion for a conference. (Mem. 11 n.8.) Because the Opinion resolved the fully briefed § 1782 application, where Respondents had an opportunity to—and in fact did—oppose, (*see* Docs. 13–15), the letter-motion for conference was also resolved, (*see* Op. 10). The Opinion also noted that a decision concerning a separate § 1782 action, the Judith/Tomas 1782 Action, will "issue in due course." (*Id.*) The decision in the Judith/Tomas 1782 Action will be issued simultaneously with this Opinion & Order.

3

Circuit has recognized that a motion for reconsideration under Rule 60(b)(1) "is a 'mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances.'" *Lawtone-Bowles v. Brown*, No. 21-1242-CV, 2022 WL 839280, at *1 (2d Cir. Mar. 22, 2022) (summary order) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)). Under Rule 60(b)(1), "[t]he burden of proof is on the party seeking relief from judgment, and such relief is extraordinary, exceptional and generally not favored." *Suber v. VVP Servs., LLC*, No. 20-CV-8177, 2024 WL 1313812, at *1 (S.D.N.Y. Mar. 25, 2024) (internal quotation marks omitted).[4]

### B. *Application*

Respondents offer five arguments why the Opinion involved a "mistake" that warrants reconsideration and vacatur. These arguments concern a statutory requirement of Section 1782, certain discretionary factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), and Section 1782's "twin aims" of mutual assistance by tribunals in the United States and abroad. First, Respondent argues that Section 1782's second statutory requirement—whether discovery is for use in a foreign proceeding before a foreign tribunal—is not met because Applicant's numerous § 1782 applications indicate there is no "reasonable contemplation" of the Contemplated German Proceeding. Second, Respondent argues that the first *Intel* factor weighs in Respondents' favor because Dr. Schottenstein would be a participant in the Contemplated German Proceeding. Third, Respondent argues that the Opinion erred in requiring "authoritative proof" that a German tribunal would reject the requested § 1782 materials under the second *Intel* factor. Fourth, Respondent argues that the forum-selection

---

[4] Respondents make clear that they are moving for vacatur under Federal Rules of Civil Procedure 60(b)(1), and "not" moving for reconsideration under Rules 59(e) or 60(b)(6). (Reply 1 (emphasis omitted); *see also* Mem. 1 (motion pursuant to Rule 60(b)(1)).) I therefore only construe the instant motion under Rule 60(b)(1).

4

clause in this action indicates an attempt to circumvent the foreign proof-gathering restrictions of Germany, contrary to the third *Intel* factor. Finally, there are "parity concerns" underlying Section 1782 that warrant reconsideration. I address each in turn.

      First, Respondents' narrow interpretation of "reasonable contemplation" to require an "inevitable" ruling by a foreign tribunal at or soon after the filing of a Section 1782 application is filed is not supported by the law. Specifically, Respondents argue—but fail to cite any supporting case law—that the second statutory requirement of Section 1782 is not met because Orthogen has yet to initiate litigation in Germany. (Mem. 5–7.) The Opinion noted that Orthogen established "reasonable contemplation" because it, among other things, "retained German counsel" and had "begun drafting the necessary pleadings." (Op. 6 (internal quotation marks omitted).) This finding conforms with decisions in this District that have similarly found the "reasonable contemplation" standard to have been met where the petitioner retained foreign counsel, had "begun preparing the necessary pleadings for the petition," had "set forth a theory" of the underlying claims, and "provided declarations expressing an intent to initiate" subsequent proceedings. *In re Kuwait Ports Auth.*, No. 20-MC-46, 2021 WL 5909999, at *8 (S.D.N.Y. Dec. 13, 2021) (finding second statutory requirement was met); *In re Hansainvest Hanseatische Inv.-GmbH*, 364 F. Supp. 3d 243, 249 (S.D.N.Y. 2018) (same). Orthogen states that it has taken similar steps here. (Opp'n 4 (listing several steps that Orthogen's counsel has taken before filing the instant § 1782 application).) Orthogen proffers more than "a twinkle in counsel's eye," and instead provides the "objective indicium" that there is reasonable contemplation of the Contemplated German Proceeding to satisfy the second statutory requirement. *Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 123 (2d Cir. 2015). Further, Respondents did not challenge the second statutory requirement in their initial opposition to the

5

§ 1782 application, (*see* Op. 5 ("It is also clear from Applicant's filings, and undisputed by Schottenstein, that the second and third elements of § 1782's statutory factors are met."), so this argument is waived, *cf. Devi v. Silva*, 861 F. Supp. 2d 135, 143 (S.D.N.Y. 2012) ("[A] party is not permitted to raise a new argument in a motion for reconsideration that it failed to raise in the underlying motion.").

Second, Respondents claim that the first *Intel* factor counsels against discovery because Dr. Schottenstein is a party to the Contemplated German Proceeding, as supported by the Second Circuit's recent summary order in *Hranov*. (Mem. 7–8.)  In *Hranov*, the Second Circuit found no abuse of discretion in the district court's decision to quash certain § 1782 subpoenas. *Hranov v. Deutsche Bank AG*, No. 22-1075, 2025 WL 573727, at *2 (2d Cir. Feb. 21, 2025) (summary order).  Regarding the first *Intel* factor, the *Hranov* court noted that the respondent was "a party to the German action" and that the petitioner failed to show that the documents she sought were unobtainable absent § 1782(a) aid. *Id.* (internal quotation marks omitted).  Below, the district court's analysis of the first *Intel* factor had focused on whether the § 1782 application was an "end-run" on the foreign tribunal's practices by subpoenaing U.S.-based subsidiaries. *See In re Hranov*, No. 21-MC-751, 2024 WL 2193866, at *6 (S.D.N.Y. May 15, 2024).

Respondents' reliance on *Hranov* is misplaced.  As an initial matter, NY Spine will not be a party to the Contemplated German Proceeding, so *Hranov* is inapplicable as to NY Spine. (Opp'n 7 ("NY Spine will not be a party to the Contemplated German Proceeding.").)  Further, regarding Dr. Schottenstein, the Application is not a similar end-run on discovery requirements and procedures of German courts because there is no risk that Orthogen is improperly seeking discovery materials of a U.S.-based subsidiary.  Nor are the § 1782 respondents or requested documents located in a foreign tribunal; both Dr. Schottenstein and the sought-after § 1782

6

materials are located here in this District.  Moreover, unlike in *Hranov*, Orthogen has demonstrated that Dr. Schottenstein's depositions and certain documents in his or his practice's possession are unobtainable but for § 1782.  *See Hranov*, 2025 WL 573727, at *2 ("[Petitioner] has not shown that the documents she seeks are 'unobtainable absent § 1782(a) aid.'" (quoting *Intel Corp.*, 542 U.S. at 264)).  In any event, this argument is waived because Respondents failed to make this argument in their opposition to the § 1782 application.  *Cf. Devi*, 861 F. Supp. 2d at 143.  In their opposition to the § 1782 application, Respondents did not dispute Orthogen's assertion that it would be unable to obtain the § 1782 discovery materials in the Contemplated German Proceeding.  (Op. 6.)

Third, Respondents fail to show that the "authoritative proof" standard for the second *Intel* factor is no longer binding law.  According to Respondents, the Opinion erroneously relied on an outdated Second Circuit case, which required "authoritative proof" that the foreign tribunal would reject the requested § 1782 materials.  (Mem. 9.)  Rather, Respondents say that I should look to a recent Seventh Circuit decision that rejected the "authoritative proof" standard.  *See In re Application of Venequip, S.A. v. Caterpillar Inc.*, 83 F.4th 1048, 1057–58 (7th Cir. 2023).  Respondents are mistaken; the Second Circuit recently affirmed the "authoritative proof" standard.  *See, e.g.*, *Fund for Prot. of Inv. Rts. in Foreign States v. AlixPartners, LLP*, 5 F.4th 216, 230 (2d Cir. 2021), *rev'd on other grounds sub nom. ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619 (2022).  Respondents fail to cite any binding authority rejecting the "authoritative proof" standard.  Accordingly, the Opinion did not err in requiring "authoritative proof" that the German courts would reject evidence obtained through Section 1782.

Fourth, Respondents cite to a summary order where the Second Circuit found that the district court did not abuse its discretion in finding that a forum-selection clause was a factor that

7

weighed against § 1782 discovery. *See Klein v. Altara RK Invs. Ltd.*, No. 24-228-CV, 2025 WL 560105, at *3 (2d Cir. Feb. 20, 2025) (summary order). In doing so, the Second Circuit affirmed the trial court's "acknowledg[ment] that case law does not categorically hold that exclusive jurisdiction clauses foreclose all foreign discovery." *Id.* Applicant's response is that *Klein* is distinguishable and that forum-selection clauses that designate a forum whose courts are receptive to § 1782 discovery, like the one here, do not weigh against discovery. (Opp'n 9–11.)

What is clear is that the existence of a forum-selection clause does not categorically prohibit § 1782 discovery. Instead, a more fact-intensive inquiry is required. However, I need not delineate when exactly a forum-selection clause weighs in favor of or against § 1782 discovery. Assuming in Respondents' favor that the forum-selection clause counsels against such discovery, the third *Intel* factor is only one among four "non-exclusive factors." *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 244 (2d Cir. 2018); *accord Klein*, 2025 WL 560105, at *3 (describing the existence of a forum-selection clause as "a factor" to be considered (internal quotation marks omitted)). Because I find that Orthogen prevails in establishing the other three *Intel* factors, the forum-selection clause here is not dispositive and Respondents fail to demonstrate the "extraordinary" circumstance that calls for reconsideration of the Opinion.[5]

Finally, Respondents express concern with, "[p]erhaps most significantly," a "significant fifth factor" regarding "parity" issues underlying Section 1782 that calls for reconsideration. (Mem. 10–11.) Respondents argue that Orthogen unfairly wields the German forum-selection

---

[5] Respondents also argue that the Opinion failed to discuss *Atlantic Marine Construction Co., Inc. v. U.S. District Court for the W.D. Tex.*, 571 U.S. 49 (2013), which supposedly "required" an adjustment of the *Intel*-factors analysis due to the presence of both forum-selection and choice-of-law clauses. (Mem. 8 n.7.) However, Respondents overstate *Atlantic Marine*, which never references § 1782. Nor do Respondents cite to any case law, let alone any in the Second Circuit, applying *Atlantic Marine* to the § 1782 context, despite the fact that *Atlantic Marine* was decided over a decade ago in 2013.

8

clause as both a sword and a shield because Respondents "can never get the same" discovery. (*Id.* at 10.) However, Respondents' "fifth" factor essentially parrots their previous arguments regarding the forum-selection clause and their invocation of fairness. Further, Respondents have never sought reciprocal discovery, despite Orthogen's acknowledgement that they "will be permitted" to do so. (Opp'n 11–12.) As in the Florida 1782 Action, Respondents here "did not seek reciprocal discovery and instead attempt[] to use it as an argument against" discovery taking place. *In re Orthogen Int'l GmbH*, No. 23-MC-80743, 2023 WL 6813223, at *12 (S.D. Fla. Oct. 16, 2023), *aff'd*, 2023 WL 8418969 (S.D. Fla. Nov. 28, 2023). Indeed, it is Respondents who seem to wield the forum-selection clause as both a sword and shield in doing so. Accordingly, Respondents' parity arguments fail.

In sum, the Opinion does not contain any "mistake" sufficient to constitute "extraordinary" or "exceptional" circumstances that warrant reconsideration under Rule 60(b)(1).

### III.  Conclusion

Because Respondents fail to show any "mistake" that warrants reconsideration under Rule 60(b)(1), Respondents' motion for reconsideration is DENIED.[6]

Regarding the parties' discovery dispute and anticipated motion to compel, (Doc. 39), simultaneously with the filing of this Opinion & Order I am filing a referral of the discovery dispute to a magistrate judge who will be assigned to this action pursuant to the referral order.

The Clerk of Court is respectfully directed to terminate Document 36.

SO ORDERED.

Dated:  April 30, 2025
        New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge

---

[6] Respondents' request for oral argument is also denied.